COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-230-CR

                                                 NO.
2-09-231-CR

 

WILLIE ROBINSON                                                                            APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








Appellant
Willie Robinson was charged by two separate indictments with the offense of
failure to comply with sex offender registration requirements.  He entered
an open plea of guilty in each case.  The
trial court accepted Robinson=s
pleas and deferred sentencing until a pre-sentence investigation report (PSI)
could be prepared.  After reviewing the
PSI, the trial court sentenced Robinson to eight years=
confinement in each case, ordering the sentences run concurrently.  He appeals. 
We will affirm.

Robinson=s
court‑appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of that motion. 
In the brief, counsel averred that, in his professional opinion, these
appeals are frivolous.  Counsel=s
brief and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.  See Mays
v. State, 904 S.W.2d 920, 922B23
(Tex. App.CFort
Worth 1995, no pet.).  This court
afforded Robinson the opportunity to file a brief on his own behalf, and he has
filed three.  The State has not filed a
brief.








 Once an appellant=s
court-appointed attorney files a motion to withdraw on the ground that the
appeal is frivolous and fulfills the requirements of Anders, this court
is obligated to undertake an independent examination of the record.  See Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991); Mays, 904 S.W.2d at 922B23.  Only then may we grant counsel=s
motion to withdraw.  See Penson v.
Ohio, 488 U.S. 75, 82B83, 109 S. Ct. 346, 351
(1988).  Because Robinson entered open
pleas of guilty, our independent review for potential error is limited to
potential jurisdictional defects, the voluntariness of Robinson=s
pleas, error that is not independent of and supports the judgments of guilt,
and error occurring after entry of the guilty pleas.  See Monreal v. State, 99 S.W.3d 615,
620 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666B67
(Tex. Crim. App. 2000).

We
have carefully reviewed counsel=s
brief, Robinson=s briefs, and the
record.   We agree with counsel that the appeals
are wholly frivolous and without merit. 
We find nothing in the record that might arguably support the
appeals.  See Bledsoe v. State,
178 S.W.3d 824, 827B28 (Tex. Crim. App.
2005).  Accordingly, we grant counsel=s
motion to withdraw and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:
WALKER, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
August 12, 2010











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S.
Ct. 1396 (1967).